# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# NORTHERN DIVISION

| | |
|---|---|
| **NATALIE J. CARPENTER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| VS. ) | Docket No. 3:18-cv-00147 |
| ) | JURY DEMAND |
| **WAL-MART STORES, INC.** ) | |
| **individually and dba WAL-MART, INC.** ) | |
| **and WAL-MART SUPERCENTER** ) | |
| **702 SW 8th Street** ) | |
| **Bentonville, Arkansas 72716** ) | |
| ) | |
| **Defendant.** | |

## AGREED PROTECTIVE ORDER

It appears to the Court that plaintiff has requested certain documents from defendants ("Wal-Mart"), containing confidential information.

It further appears to the Court that pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is agreed by plaintiff, as evidenced by the signature of plaintiff's counsel below, that certain documents, written materials and information shall be provided by Wal-Mart to plaintiff in this case through discovery, subject to the following conditions:

1. This protective Order shall apply only to those documents which are designated as "confidential" and not to all documents produced by Wal-Mart;

2. Use of any confidential documents and written materials (and the information contained therein) provided by Wal-Mart to plaintiff is limited solely to the prosecution and defense of this action to its conclusion or appeal;

3. Any confidential documents and information provided to plaintiff will not be released or disclosed by any counsel or plaintiff to any person at any time, except as required in the prosecution or defense of this action.

4. Due to Wal-Mart's concern for protecting the confidentiality of the information provided to plaintiff, any confidential material shall be disclosed only to the Court, its staff, and counsel of record, and also shall be disclosed on a need-to-know basis only to the parties, counsel's staff personnel, employees of a party to whom disclosure is necessary in connection with the preparation for and trial of this action, and any witnesses in the case (including consulting and testifying experts) as may from time to time reasonably be necessary in prosecution or defense of this action. Counsel shall advise all persons to whom confidential material is disclosed pursuant to this Order of the existence of this Order, and shall provide all such persons (other than the Court and its staff) with a copy of this Order. Counsel shall not otherwise offer or permit disclosure of any confidential material or any portion or summary thereof.

5. In the event copies are made pursuant to the terms of this Order, plaintiff's counsel will give every copy to Wal-Mart's counsel at the conclusion of this action or destroy said copies. If copies are made, the mark "confidential" shall remain on each such copy;

6. All documents and written materials marked confidential and provided by Wal-Mart to plaintiff's counsel, as well as photocopies thereof, shall be destroyed or returned to Wal-Mart's counsel at the conclusion of this action; and

7. All counsel and their clients are ordered to respect the spirit and letter of this protective order.

8. Plaintiff retains the right to challenge by Motion a labeling of "confidential" should such be improper for any particular document.

**IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge


APPROVED FOR ENTRY:

s/ H. Stephen Gillman (with express permission by M. de Quesada)
H. Stephen Gillman, No 24444
Pryor, Priest, Harber, Floyd & Coffey
Two Centre Square
625 Gay Street, Suite 600
Knoxville, Tennessee 37902
hsgillman@knoxvillelaw.com
Attorney for Plaintiff

s/Maria T. de Quesada
G. Andrew Rowlett, No. 16277
Maria T. de Quesada, No. 24389
Howell & Fisher, PLLC
3310 West End Avenue
Suite 550
Nashville, TN 37203
arowlett@howell-fisher.com
mdequesada@howell-fisher.com
Attorneys for Defendants